[Filed November 15, 1886.]

## MARY A. LEAHY *v.* B. P. CARDWELL, ADMINISTRA-TOR.

WILLS — BEQUEST.—A bequest to his wife by a testator for and during her natural life, so long as she remains single, of the absolute use and control of all the rest and residue of his property, real, personal and mixed, for her comfort, and for the support and education, in her discretion, of their children during their minority, and to be divided equally between them, or the survivors of them, upon her decease, confers upon the wife the "use," but not the consumption, of the residue of the testator's estate.

RESIDUE—RESIDUARY LEGATEE—WHEN BECOMES ENTITLED TO.—As applied to the estates of decedents, "residue" means all that property which remains after paying charges and debts, and satisfying the devises and legacies. It is ordinarily ascertained when the final account is presented and judicially acted upon by the court; and this is the point of time when the residuary legatee becomes entitled thereto.

SAME—INTEREST.—A residuary legatee is not chargeable with interest on notes given to the executor for funds belonging to the estate, after a final settlement in which they constitute part of the assets.

MULTNOMAH COUNTY.    Defendant appeals.    Modified.

Daniel Harvey died in 1868, leaving a will, which, after certain specific legacies, devised to his wife, Eloisa Harvey, the use during her life of all the residue of his estate. The executors, on April 13, 1871, loaned said Eloisa $5,100 belonging to the estate, and on September 15, 1873, $974.40 more, taking her notes therefor at 12 per cent. per annum. There appear to have been no transactions on account of the estate after July, 1878, but final settlement was not made till November 4, 1880, when the county court made an order settling up the estate, and directing the executors to turn over to Eloisa the residue of the property. From this order one of the executors appealed to the circuit court, and thence to this court, where the decree of the county court was affirmed March 4, 1882. The contention is, on one side, that Eloisa is not chargeable with interest on her notes after July, 1878, and on the other, that she is so chargeable until March 4, 1882, the date of the decree of this court.

*Ellis G. Hughes,* for Appellant.

*Jos. Simon*, for Respondent.

LORD, C. J.—Daniel Harvey, father of the claimant, and husband of Eloisa Harvey, deceased, by a clause in his will provided : " I give, devise, and bequeath unto my said beloved wife, for and during her natural life, so long as she remains single, the same also to be accepted and received by her in lieu of dower, subject to payment of all lawful debts, taxes, and adjustments thereon, the absolute use and control of all the rest and residue of my property, real, personal, and mixed, whatsoever and wheresoever, for her comfort and support, and for the support and education, in her discretion, of our beloved children, Daniel Harvey, Mary Angeline Harvey, and James William McLaughlin Harvey, during their minority, and to be divided equally between them, or the survivors of them, upon the decease of my beloved wife." The respondent's claim is for one-third of the residue of her father's estate, and against her mother's estate. The administrator makes no question but that the respondent is entitled to one-third of the residue of the father's estate, which as such came into the hands of her mother, and which was remaining in her hands at the time of her death. The inquiry is, What is meant by that residue under the will, and to what extent was she entitled to expend it for her own comfort and support, and the support and education of her children ? It is the " use and control " of the " rest and residue " of such property which the wife of the testator was authorized to take for the purpose indicated. What, then, is the " residue " which she is authorized to use and control ?

As applied to the estates of decedents, residue means all that property which remains after paying charges and debts, and satisfying all the devises and legacies. Blackstone defines it to be the surplus of the testator's estate remaining after all the debts and particular legacies have been discharged. 2 Bl. Com. 514. " The term ' residue,' " said Carpenter, J., in *Phelps* v. *Robbins*, 40 Conn. 264, " as used in wills, ordinarily means that portion of an estate which is left after the payment

of the charges, debts, and particular bequests." (*Graves* v. *Howard*, 3 Jones' Eq. 302.) It is the proper ascertainment of these, their payment and discharge, which creates the residue and makes it tangible as such, to be held or received by the party authorized to take it, to be enjoyed, used or applied according to the requirements of the will. And under our practice, what such residue is and in what it consists is ordinarily ascertained and determined when the final account is presented and judicially acted upon by the court. This, then, is the point of time to be ascertained from the record when the residue becomes an entity, and when Eloisa Harvey becomes entitled to the use and control of the residue of the property of whatever character. As a consequence, the note which she had personally given to the executor of the estate ceased to be chargeable with interest at this time. It was the same as the note of any third person turned over to her as a part of such residue, the interest upon which thereafter she would have been entitled to use for the benefit of herself and children, in accordance with the objects of the will.

In connection with all the facts and the whole will, we are satisfied it was the " use," and not the consumption, of the money or principal of the notes, which was intended. The interest from notes or other investments, like the rents arising from farm or other buildings, she was allowed to use for the purposes indicated. Nor do we understand there is much serious controversy as to this point, the contention being mainly directed as to the time when the residue of the property, and in which this note was included, became hers to use and control. This, as appears by the record, was the 4th of November, 1880, when the residue was judicially ascertained, and Mrs. Harvey's right to it as such determined. No interest, therefore, on any of the notes, or the sum paid by the executor, should be allowed against her after this date.