Argued April 24; affirmed May 15, 1934

BROWN *v.* HILLEARY ET AL.

(32 P. (2d) 584)

*T. J. Cleeton,* of Portland, for appellant.

*Warren E. Thomas,* of Portland, and *A. G. Beattie,* of Oregon City (Schuebel & Beattie, of Oregon City, and Chamberlain, Thomas & Kraemer, of Portland, on the brief), for respondents John W. Hilleary, Nathan O. Love and Leatha Love, E. W. Hornshuh, and A. H. Zanders.

RAND, C. J. This is a suit to set aside certain conveyances made by John W. Hilleary to his codefendants of lands that had formerly belonged to Louisa A. Hilleary, the mother of plaintiff and of said defendant, and to have herself decreed to be the owner of an undivided one-half interest therein.

Louisa A. Hilleary died testate on March 6, 1928, leaving surviving her the plaintiff and said defendant as her sole heirs at law. By her will she devised her property as follows:

"SECOND: That whereas I have deeded to my daughter, Pearl Brown, the farm located near Damascus, Oregon, for one-half of its value, and Whereas, my said daughter Pearl Brown owes me more than $1900.00 for money that I have advanced in paying notes for her, Now therefor, if my said daughter Pearl Brown shall pay the said sum of $1900.00 which she owes me, then and in that event, I give and bequeath unto my said daughter Pearl Brown the sum of $300.00 and no more.

"THIRD: All of the rest, residue and remainder of my said estate, including the mortgage which I now hold, representing the purchase price of my said farm, and which mortgage was executed by said Pearl Brown, and her husband to me; and the acre tract and the house that I own in Damascus, Oregon; and all of my household furniture and fixtures, and my money, notes and accounts, I give, devise and bequeath unto my son, John W. Hilleary and to my grandson, Harold Hilleary, share and share alike."

The will was executed on February 28, 1921, and it has been duly probated and all the property of her estate has been distributed in accordance with the terms of the will under a decree of the circuit court of Clackamas county sitting as a court of probate. No appeal was taken from any of the orders of the probate court and there is no objection now urged against the validity of the will.

After the making of the will the testatrix conveyed the property in controversy to John W. Hilleary, her son, and after testatrix's death that deed was set aside and vacated for fraud at the suit of plaintiff. See *Brown v. Hilleary*, 133 Or. 26 (286 P. 593). Plaintiff alleges in her complaint as the basis for her right to recover in this suit that, since the legal title to the real property in controversy was in John W. Hilleary at the time of the death of the testatrix under a deed which after the death of the mother was set aside for fraud and since there was no specific devise of these lands, they did not pass under the will but descend by operation of law in equal shares to plaintiff and said defendant as the sole heirs of the testatrix.

■ It is also alleged in the complaint in this suit that defendants are estopped to assert ownership of said lands by the decree rendered in the former suit. In that suit the sole question for decision was whether the deed given by the testatrix to her son, John W. Hilleary, and his wife had been obtained by fraud and undue influence, and it was held that in view of the fact that, under the uncontradicted evidence offered by the plaintiff in that suit coupled with the fact that the deed there involved had been executed on the day following the son's discharge as guardian for his mother and while his influence over her as such pre-

sumably continued to exist at the time the deed was given, the deed was invalid, and should be set aside and cancelled. There was no mention made in the pleadings of any will although it had been referred to in the evidence and was mentioned in the opinion because of the contention made by the defendants in that suit upon the argument here. But the court was careful to refrain from any prejudging of the validity of that will and so expressed itself in the opinion rendered in that case. The parties in this suit are not the same as those in the former suit and an entirely different cause of suit is now presented for decision from the one involved there. For these reasons no estoppel can exist in this suit.

█ It appears from the evidence that in February, 1921, when this will was made, the plaintiff was the owner of the premises now in controversy and that these premises were subject to a mortgage that had been given by plaintiff to testatrix, that default was made in the payment of the mortgage and that the same was foreclosed and the premises sold to testatrix and the sale confirmed; that, after obtaining title to the premises, the testatrix then sold and conveyed the same to her son, John W. Hilleary, by a deed which, as heretofore stated, was set aside and cancelled after the mother's death at the suit of the plaintiff.

Plaintiff's principal contention is that, since the legal title to these particular lands was in the son at the time the mother died, she had no devisable interest in them at the time of her death and that, since there was no specific devise of the lands in the will when the deed to the son was set aside, the lands did not pass under the will thereby creating an intestacy and causing the lands to descend to the heirs of the mother

as they would have done if there had been no will made. This contention cannot be maintained. The deed to the son was a voidable deed and, because subject to be set aside for fraud, the mother had an equitable interest in the lands at the time of her death. The rule applicable thereto is stated in Page on Wills (2d Ed.) section 213, as follows:

"* * * If testator has conveyed realty under such circumstances that the grantee will be held in equity as trustee for the grantor, and will decree a reconveyance by the grantee to the grantor, the grantor has an equitable interest in such realty which he may devise. An interest which can not be enforced unless a conveyance, release and the like is first set aside, may be devised; and the right to have such conveyance or release set aside will pass with the devise."

To the same effect see also *Stump v. Gaby,* 42 Eng. Rep. (reprint) 1015, where the court said:

"I do not deny that a deed may be so fraudulent as to be set aside at law; this, however, is not such a case; but I will assume that the conveyance might have been set aside in equity for fraud: what then is the interest of a party in an estate which he has conveyed to his attorney under circumstances which would give a right in this Court to have the conveyance set aside? In the view of this Court he remains the owner, subject to the repayment of the money which has been advanced by the attorney, and the consequence is that he may devise the estate, not as a legal estate, but as an equitable estate, wholly irrespective of all question as to any rights of entry or action, leaving the conveyance to have its full operation at law, but looking at the equitable right to have it set aside in this Court. The testator therefore had a devisable interest."

In *Grosley v. Mousley,* 45 Eng. Rep. (reprint) 31, the Court said:

"* * * The mere circumstance of an estate not being recoverable otherwise than by action or suit

clearly does not prevent it from being devisable. * * * and it would be most dangerous to unsettle the point, for if it was ruled otherwise no valid devise could be made by a testator who was out of possession and whose title was disputed.''

 That an equitable estate or interest in lands may be the subject of a valid devise is so elementary that it needs no further citation of authorities to support it. Any estate or interest in lands, whether legal or equitable, which will descend to the heirs of an intestate, may be devised by the last will and testament of the owner. If the rule were otherwise, all equitable estate or interests in property, whether real or personal, would die with the owner. Hence, while it is true that the testatrix, at the time the will was made, had no greater interest in these lands than that of a mere mortgagee and, therefore, at the time had no devisable interest in the lands themselves and, therefore, did not mention them in the will nor make any specific devise of them, she did have a devisable interest in the mortgage and this mortgage, under the third clause of the will, she gave to the residuary legatees named therein. The fact that subsequent to the execution of the will she acquired title to the lands by a foreclosure of the mortgage would not prevent the passing of the lands under the will upon her death to her residuary legatees unless such was the intention of the testatrix at the time she made her will.

Section 10-528, Oregon Code 1930, among other things, provides:

''and any estate or interest in real property acquired by anyone after the making of his or her will shall pass thereby, unless it clearly appears therefrom that such was not the intention of the testator.''

■ The mere reading of the third clause of the will manifestly shows that it was the intention of the testatrix to give to her son and grandson, whom she named as her residuary legatees, all the property of which she died seized. The words used in the will are: "All the rest, residue and remainder of my said estate * * * I give, devise and bequeath unto my son, John W. Hilleary and to my grandson, Harold Hilleary, share and share alike."

It is a rule of general application that a general residuary devise such as that contained in this will carries every interest, whether known or unknown, immediate or remote, not otherwise disposed of by the will, unless some other provision in the will shows that the testator intended that it should not have that effect. See *Leahy v. Cardwell,* 14 Or. 172 (12 P. 307); *Morse v. Macrum;* 22 Or. 229 (29 P. 615, 30 P. 73); *Sappingfield v. Sappingfield,* 67 Or. 156 (135 P. 333); *In re Wilson's Estate,* 85 Or. 604 (167 P. 580); *Meyerovitz v. Jacobovitz,* 263 Mass. 47 (160 N. E. 331); *Smith v. Dugan,* 145 App. Div. 877 (130 N. Y. S. 649); *In re Vanderbilt's Estate,* 134 Misc. 574 (236 N. Y. S. 316); *In re Tiffany's Estate,* 137 Misc. 627 (244 N. Y. S.) 255; Page on Wills, (2d Ed.) sections 845, 871 and 874; Thompson on Construction of Wills, sections 221 and 336. In the last section cited, the author says:

"General words in a residuary clause such as 'all the rest, residue, and remainder' of testator's estate will embrace every species of property, whether real or personal, unless restricted by the context."

In *Leahy v. Cardwell,* supra, this court said:

"As applied to the estates of decedents, residue means all that property which remains after paying charges and debts and satisfying all the devises and legacies."

In *Meyerovitz v. Jacobovitz*, supra, the court said:

"It is the general rule, now, that all property belonging to the testator at the time of his death, not otherwise disposed of by the will, passes under a true residuary clause, whether owned by him at the time the will was executed, or whether consisting of estates changed as to form of investment from real to personal or from personal to real after the execution of the will, or whether depleted by gifts or losses or increased by profits or acquisitions subsequent to the execution of the will. That general rule governs the case at bar."

It is clearly established by the authorities cited that the equitable estate which the testatrix held in these lands at the time of her death were devisable and that, upon the setting aside of the conveyance of the premises previously made by her, the full legal and equitable title thereto became vested in her residuary legatees under the express directions contained in the will.

The decree is, therefore, affirmed.

ROSSMAN, BEAN and BAILEY, JJ., concur.