S. F. DURKHEIMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95209. Promulgated March 19, 1940.

*Herbert L. Swett, Esq.*, and *R. R. Morris, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1936 in the amount of $505.42. The petition alleges

that the respondent erred in the determination of the deficiency by adding to his taxable income $2,197.49 representing income allegedly received by him in 1936 from the estate of Delia F. Durkheimer, deceased.

The petitioner is a resident of Portland, Oregon. His mother, Delia F. Durkheimer, died testate on November 5, 1935, naming the petitioner as the executor of her estate. The will was admitted to probate on November 15, 1935, the petitioner being appointed as executor. The will provided in part:

SIXTH: All the rest, residue and remainder of my property, real, personal and mixed, wheresoever and whatsoever, I give, devise, and bequeath to my beloved son, SYLVAN, to be his absolutely.

The final account of the executor was filed with the Probate Court on July 3, 1936, and "Order on final account and closing estate" was entered by the Probate Court on August 14, 1936, whereby the court allowed and approved the final account and authorized the petitioner as executor to transfer to himself in his own right "all remaining assets in his possession as executor." The estate had income during the period of administration. The amount of the income was, however, much less than the expenses of the estate and the taxes paid. It is stipulated, however, that the estate had a net income for the period January 1 to August 13, 1936, without deducting therefrom the taxes paid, both state and Federal, and a credit of $800 paid to two annuitants, of $2,197.49. On brief the respondent admits that the $800 paid to the annuitants was a legal deduction from the gross income and that the amount which should have been added to the petitioner's gross and net incomes upon the final settlement of the estate of his mother was only $1,397.49.

In his income tax return for 1936 the petitioner did not include in his gross income any part of the amount which he received as residuary legatee on August 14, 1936. His contention is that this was a part of the bequest received by him from his mother.

It is the respondent's contention that $1,397.49 of the net income of the estate of Delia F. Durkheimer for the period January 1 to August 13, 1936, constitutes taxable income of the petitioner; that it represented distributable income of the estate which was paid over to the petitioner during the taxable year.

Section 162 of the Revenue Act of 1936 provides in part as follows:

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

*　　　*　　　*　　　*　　　*　　　*　　　*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the bene-

ficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

Subdivision (b) refers only to income which is "to be distributed currently by the fiduciary to the beneficiaries." In *Commissioner* v. *Stearns* (C. C. A., 2d Cir.), 65 Fed. (2d) 371, the court said that it understood the phrase to mean "that the will or deed directs the distribution." This subdivision clearly has no application to the proceeding at bar. The will of the decedent made no provision that any part of the income of her estate was to be distributed currently to the residuary legatee. As executor of the will the petitioner was charged with the duty of collecting income during the period of administration, paying the expenses, taxes, and legacies as required by the will, and, after obtaining an approval of his accounts by the Probate Court, to pay over the residue to the residuary legatee. This is exactly what he did.

Subdivision (c) has reference only to cases where the income has been paid or properly credited to the legatee during the period of administration or settlement. We think it plain that there was no payment or credit to the residuary legatee in this case prior to the completion of the administration of the estate.

At the hearing of this proceeding counsel for the respondent stated that he relied upon decisions of the Board in *Robert C. Roebling*, 28 B. T. A. 644, and *Adolph Bernard Spreckels*, 37 B. T. A. 709. Our decisions entered pursuant to the opinions in those cases were reversed by the United States Circuit Court of Appeals as follows: *Roebling* v. *Commissioner* (C. C. A., 3d Cir.), 78 Fed. (2d) 444; and *Spreckels* v. *Commissioner* (C. C. A., 9th Cir.), 101 Fed. (2d) 721. Counsel for the respondent stated that, inasmuch as there was no conflict in the opinions of the Circuit Courts, it was deemed inadvisable to recommend an application for a writ of certiorari in either of those cases.

For reasons stated below we are of the opinion that the points in issue in those cases are not the points in issue here. Those cases involved distributions by trustees rather than by an executor, and the question was as to whether income which had accrued to the trust

from the beginning of the taxable year to the date of distribution was taxable to the trust or to the beneficiary. The courts held that the amounts in question were taxable to the trusts and not to the beneficiaries.

In *In re Harvey* v. *Cardwell*, 14 Or. 171; 12 Pac. 307, decedent left to his wife for her use for life the residue of his estate. During administration the executors of the estate loaned money to his wife out of the estate assets. In 1880 the court ordered the estate settled and the residue delivered to the wife. Certain gifts over from the estate to the children of the decedent were made. The life tenant died. One of the children sought to collect interest on the indebtedness of the life tenant to the estate, from the estate of the life tenant. The court said:

* * * As applied to the estates of decedents, "residue" means all that property which remains after paying charges and debts, and satisfying all the devises and legacies. Blackstone defines it to be the surplus of the testator's estate remaining after all the debts and particular legacies have been discharged. 2 Bl. Comm. 514. "The term 'residue,'" said Carpenter, J., in *Phelps* v. *Robinson*, 40 Conn. 264, "as used in wills, ordinarily means that portion of an estate which is left after the payment of the charges, debts, and particular bequests." *Graves* v. *Howard*, 3 Jones, Eq. 302. It is the proper ascertainment of these, their payment and discharge, which creates the residue, and makes it tangible as such, to be held or received by the party authorized to take it, to be enjoyed, used, or applied according to the requirements of the will; and, under our practice, what such residue is, and in what it consists, is ordinarily ascertained and determined when the final account is presented and judicially acted upon by the court.

This, then, is the point of time to be ascertained from the record, when the residue becomes an entity, and when Eloisa Harvey became entitled to the use and control of the residue of the property of whatever character. As a consequence, the note which she had personally given to the executor of the estate ceased to be chargeable with interest at this time. It was the same as the note of any third person turned over to her as a part of such residue, the interest upon which thereafter she would have been entitled to use for the benefit of herself and children, in accordance with the objects of the will. * * *

The opinion of the court in the above cited case was approved in *Brown* v. *Hilleary,* 147 Or. 185; 32 Pac. (2d) 584, in which the court said:

In *Leahy* v. *Cardwell* [*In re Harvey* v. *Cardwell*], *supra*, this court said: "As applied to the estates of decedents, 'residue' means all that property which remains after paying charges and debts, and satisfying the devises and legacies."

In *Meyerovitz* v. *Jacobovitz*, *supra* [263 Mass. 74; 160 N. E. 331], the court said:

"It is the general rule, now, that all property belonging to the testator at the time of his death, not otherwise disposed of by the will, passes under a true residuary clause, whether owned by him at the time the will was executed, or whether consisting of estates changed as to form of investment from real to personal or from personal to real after the execution of the will, or whether

depleted by gifts or losses or increased by profits or acquisitions subsequent to the execution of the will. That general rule governs the case at bar."

In a decision of a Connecticut court, *Stanley v. Stanley*, 142 Atl. 851, the decedent's will directed his executors to divide the residue of his estate into two parts. One part was given absolutely to Alix Stanley, the other to trustees to pay the income thereof to the beneficiaries for life with gifts over. The executors sought instructions as to the disposition to be made of the residue and the income thereon accumulated during the administration which would remain after the payment of all debts, legacies, and expenses. The court said:

A general legatee is entitled to no part of the income earned by the estate in the course of its settlement and no interest upon his legacy.

\* \* \* \* \* \* \*

The residue is that portion of an estate that remains after the payment of debts, legacies, and administration charges. Into it, and forming a part of it, must go all legacies which are void or have lapsed, \* \* \* and also the income and accretions of the estate which are undisposed of. The residue includes every part of the estate not otherwise disposed of by the will.

We are asked, in view of the conclusion reached as to the disposition of the undisposed of income, whether it became principal or income. The answer is necessarily involved in preceding answers. It became a part of the residue, and hence principal.

In *In re Lord's Estate*, 236 N. Y. S. 137; affd., 239 N. Y. S. 851, the will involved divided the residue into three equal parts, one of which was given to the decedent's husband while the other two were given to trustees. Considering the disposition of the net income earned by the residuary estate during the administration, the court said:

Primary rule is that all income not otherwise disposed of by will, and which accumulates during administrative year, becomes principal and must be added to tentative residue to ascertain true residue.

We think it very clear that in the proceeding at bar no payment was made by the executor of the estate to the residuary legatee during the period of administration or settlement. The payment was made after the administration had been completed. What the petitioner received was his legacy. It was exempt from income tax. This does not mean that the income of the estate during the period of administration was not taxable to any one. It clearly was taxable to the estate, as provided in section 161 of the Revenue Act of 1936 as follows:

SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including —

\* \* \* \* \* \* \*

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; \* \* \*

The action of the respondent in including in the petitioner's gross and net incomes any portion of the income of the estate of Delia F. Durkheimer is reversed.

*Decision will be entered under Rule 50.*