Estate of E. M. M. Anketell, Deceased, Harold M. Blossom, Administrator with will annexed v. Commissioner.
Estate of Anketell v. Commissioner
Docket No. 110323.
United States Tax Court
1943 Tax Ct. Memo LEXIS 513; 1 T.C.M. (CCH) 424; T.C.M. (RIA) 43017; January 12, 1943
*513 Where the will of a decedent makes no provision that the income as such shall be paid or credited to the residuary legatee and the residuary legatee receives the residue of the estate upon the completion of the administration, he is not liable to income tax under section 162 (c), Internal Revenue Code, in respect of any portion of the amount received by him as legatee even though the amount distributed does include the income of the estate for the year of distribution. Such income is taxable to the estate and not to the residuary legatee. S. F. Durkheimer, 41 B.T.A. 585, followed. George L. Cassidy, Esq., for the petitioner. Philip M. Clark, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined a deficiency in income tax against the estate of E. M. M. Anketell, deceased, for the year 1940 of $1,943.17. The deficiency is due to four adjustments made by the Commissioner in the return of the taxpayer filed for the year 1940 by the administrator of the estate. The principal one of these adjustments and the only one in controversy is adjustment (a) by which the Commissioner added to the income reported on petitioner's *514 return $10,677.05 as fiduciary income. The Commissioner explained this adjustment in his deficiency notice as follows: (a) It is held that under the provisions of section 162 (c) of the Internal Revenue Code there shall be included in your net taxable income for the year 1940 income in the amount of $10,677.05, which was properly paid to you during that year by the estate of Thomas J. Anketell, and was allowed as a deduction to such estate in computing its net taxable income for that year. Petitioner by an appropriate assignment of error contests adjustment (a) made by the Commissioner. [The Facts] The facts have been stipulated and as stipulated are adopted as our findings of fact. The following statement of certain of these facts will suffice for the purpose of this opinion. Petitioner is the estate of E. M. M. Anketell, deceased, of which Harold M. Blossom is the duly appointed and qualified administrator with will annexed. The Fiduciary Income and Defense Tax Return of petitioner on form 1041 for the year 1940 was filed with the Collector of Internal Revenue for the District of Michigan. Thomas J. Anketell, the deceased person from whose estate the amount of $10,677.05 *515 of income was determined by the Commissioner to have been paid to petitioner, died testate on July 8, 1933. He left a will which was duly probated which gives, devises and bequeaths to his wife, E. M. M. Anketell, all the remainder of his estate after the satisfaction of certain specific legacies and bequests. There is no provision in this will for the distribution or payment of income to E. M. M. Anketell during administration of the estate of Thomas J. Anketell, deceased. Section 5 of the will of Thomas J. Anketell, deceased, which made his wife, E. M. M. Anketell, the residuary legatee of his estate, reads as follows: Section 5. I give, devise and bequeath to my said beloved wife all the remainder of my estate of every name, kind and nature, to have and to hold for herself, her heirs and assigns forever, and in case my said wife should not survive me, then such remainder to be divided, share and share alike, and added to the three (3) trust funds hereinbefore provided for my children. E. M. M. Anketell, the decedent herein, duly qualified as executrix under the will of Thomas J. Anketell, deceased, on September 8, 1933, and continued to administer the estate of Thomas J. Anketell *516 until her death. E. M. M. Anketell, the decedent herein, died testate January 14, 1936, whereupon the Probate Court for the County of Wayne, State of Michigan, appointed Harold M. Blossom as administrator, with will annexed, of the estate of Thomas J. Anketell, deceased, and the said Harold M. Blossom, whose signature appears on the petition in this proceeding, served as administrator of the estate of Thomas J. Anketell, deceased, until he was duly discharged by an order of the Wayne County Probate Court entered on September 18, 1940. The said Harold M. Blossom was also duly appointed administrator, with will annexed, of the estate of E. M. M. Anketell, deceased, by the Probate Court for the County of Wayne, State of Michigan, on April 16, 1936, and is still acting in that capacity, his letters of administration still being in full force and effect and unrevoked as of the date hereof. Harold M. Blossom, as administrator, with will annexed, of the Estate of Thomas J. Anketell, deceased, filed his supplemental final account for said estate covering the period from August 21, 1939, to April 30, 1940, on May 24, 1940, with the Wayne County Probate Court for the State of Michigan. This *517 final account after giving details of receipts and disbursements concludes with the following representations: I further represent that the foregoing account contains a correct statement of all the money, goods, chattels and credits of the Estate of Thomas J. Anketell, deceased, that have come to my possession or knowledge as Administrator, de bonis non, with the will annexed, of said Estate and also a correct statement of all expenditures and disbursements for the period from August 31, 1939, to April 20, 1940. I further represent that all the debts of said deceased, expenses of Administration and bequests contained in the will of said deceased have been paid in full. I further represent that Elizabeth Moss Mills Anketell, widow of said deceased, who is named as trustee in said will, died January 14, 1936, and that her Estate is now being probated in the Probate Court for the County of Wayne in the State of Michigan, Harold M. Blossom being Administrator with the will annexed. I further represent that the Detroit Trust Company, Arthur L. Evely and Harold M. Blossom, have been appointed trustees in accordance with a petition heretofore filed in this matter, have filed their *518 bond and qualified as trustees under the will of said deceased. I further represent that Section 4 of said will provides that the sum of ONE Hundred Fifty Thousand ($150,000.00) Dollars shall be turned over to the trustees for the purpose of establishing three separate trust funds of Fifty Thousand ($50,000.00) Dollars each for the benefit of Elizabeth Clara Anketell, Elizabeth Charlotte (Augusta) Anketell and Thomas J. Anketell. I further represent that Section 5 of said will provides that all the remainder of said Estate of every kind and nature be bequeathed to Elizabeth Moss Mills Anketell, wife of said deceased. I further represent that said will provides that securities and stocks owned by deceased at the time of his death may be retained in said trust funds. I further represent that attached hereto is a schedule of property which I desire to turn over to said trustees to be divided by them according to the terms of Section 4 of said will which schedule is marked Schedule A; that the remainder of said Estate consists of the assets set forth in Schedule B, which, according to the terms of the will, should be turned over to the Estate of Elizabeth Moss Mills Anketell, now *519 deceased. Schedule A referred to in the said final account has no relevancy to this proceeding. Schedule B referred to in the foregoing statement lists cash, personal property and specifically described real estate as being the residue of the estate of Thomas J. Anketell. There is no indication that the residue includes income of the estate of Thomas J. Anketell to be distributed or distributable. The final account above referred to was duly approved and allowed by the Wayne County Probate Court and an order was entered by that court on June 25, 1940, allowing the account and ordering that the residue of the estate be assigned to Elizabeth Moss Mills Anketell, widow of the deceased, in accordance with the will. Harold M. Blossom, as administrator, with will annexed, of the estate of Thomas J. Anketell, filed his receipts for assets comprising the residue of the estate of Thomas J. Anketell, deceased, with the Wayne County Probate Court on September 17, 1940, and was officially discharged by the Wayne County Probate Court on September 18, 1940, and his bond cancelled. Included among the assets of the estate of Thomas J. Anketell which were so ordered assigned to the estate of E. *520 M. M. Anketell by the court order on June 25, 1940, and which were in fact so assigned and distributed, was the income of the estate of Thomas J. Anketell, deceased, for the period from January 1, 1940, to the date of the closing of the estate in 1940, in the amount of $10,677.05, which amount constituted all of the net income of the estate of Thomas J. Anketell, deceased, for the period. In the final income tax return, form 1041, filed for the estate of Thomas J. Anketell, deceased, for the period from January 1, 1940, to the date of closing the estate, the amount of $10,677.05 was included as taxable income and, after taking into account other income and deductions of the estate, a tax was paid thereon, in the amount of $819.76. The United States Internal Revenue Agent in Charge at Detroit, Michigan, by letter dated December 2, 1941, advised the estate of Thomas J. Anketell, deceased, of a proposed overassessment of $819.76 in Federal income taxes for the calendar year 1940, due entirely to the fact that the Internal Revenue Agent in Charge allowed the estate of Thomas J. Anketell deceased, a deduction in the amount of $10,677.05 as constituting income properly paid or credited, *521 a deduction in the estate of Thomas J. Anketell, deceased, to the estate of E. M. M. Anketell, deceased. This action proposed by the United States Internal Revenue Agent in Charge was not acceptable to, nor accepted by, the estate of Thomas J. Anketell, deceased. In the income tax return for the estate of E. M. M. Anketell, deceased, filed by Harold M. Blossom, administrator, with will annexed, for the calendar year 1940, the amount of $10,677.05 determined by the Commissioner to have been distributed as income from the estate of Thomas J. Anketell, deceased, to the estate of E. M. M. Anketell, deceased, was not included as taxable income. [Opinion] We have only one issue to be decided in this proceeding and we think that issue must be decided in favor of the petitioner on the authority of such cases as S. F. Durkheimer, 41 B.T.A. 585; Mabel I. Wilcox, 43 B.T.A. 931; Estate of Frank B. Anderson v. Commissioner, 126 Fed. (2d) 46. It is clear that the estate of Thomas J. Anketell, deceased, was in process of administration during a part of the year 1940. In that year the administration *522 of the estate was closed and the residuary estate was distributed to the estate of E. M. M. Anketell. E. M. M. Anketell was the residuary legatee of Thomas J. Anketell and had died in 1936, following his death. The will of Thomas J. Anketell made no provision for the distribution of income as such and what was paid over to the estate of E. M. M. Anketell by the administrator of the estate of Thomas J. Anketell, was paid as a legacy and not as to an income beneficiary. We think this presents the same situation as we had in S. F. Durkheimer, supra, and in which, among other things, we said: * * * The will of the decedent made no provision that any part of the income of her estate was to be distributed currently to the residuary legatee. As executor of the will the petitioner was charged with the duty of collecting income during the period of administration, paying the expenses, taxes, and legacies as required by the will, and, after obtaining an approval of his accounts by the Probate Court, to pay over the residue to the residuary legatee. This is exactly what he did. Subdivision (c) has reference only to cases where the income has been paid or properly *523 credited to the legatee during the period of administration or settlement. We think it plain that there was no payment or credit to the residuary legatee in this case prior to the completion of the administration of the estate. * * * * *
We think it very clear that in the proceeding at bar no payment was made by the executor of the estate to the residuary legatee during the period of administration or settlement. The payment was made after the administration had been completed. What the petitioner received was his legacy. It was exempt from the income tax. This does not mean that the income of the estate during the period of administration was not taxable to any one. It clearly was taxable to the estate, as provided in section 161 of the Revenue Act of 1936 as follows: * * * The respondent has filed a brief in which he takes the position that our decision in the Durkheimer case was wrong, and that other cases where we have followed it were also wrongly decided. We have carefully examined and considered respondent's argument. We find that it is along the same line as heretofore made by respondent in the Durkheimer and other cases, which argument we have rejected. We therefore *524 adhere to our decision in the Durkheimer case. In a recent decision, Estate of Frank B. Anderson v. Commissioner, supra, the United States Circuit Court of Appeals for the Ninth Circuit affirmed a memorandum opinion of the Board holding that an estate was not entitled to deduction for income properly paid or credited where there had been a distribution of commingled corpus and income. In that case, the Commissioner of Internal Revenue argued successfully the principle of law which petitioner is seeking to apply to the facts at bar. In the Anderson case the executor of the estate distributed corpus and income which had been commingled and claimed upon the income tax return for the year of the distribution a deduction for the total amount of income thus distributed, the beneficiary of the estate reporting the amount of income as taxable income in the personal return. In the course of its opinion, the court said: Respondent determined that the entire net income was taxable to the estate because there "were no provisions in decedent's will for distributing dividends to the widow and trust when received by the executor, and there was in fact *525 neither segregation nor distribution of any of the stock or any of the income from it during the process of administration." On the redetermination, the Board held: (1) that the cash in the estate represented the income and was never distributed to the legatees; (2) that the estate must be liable if the legatees were not, and the legatees were not liable because what they received was a legacy, the income being a part thereof, and the legacy was received after the administration of the estate had been completed; and (3) that the question as to whether the income was distributed to the beneficiaries or used to pay debts of the estate was a question of fact, and petitioner failed to prove that the income was distributed to the legatees. * * * * *
* * * We therefore hold that the distributions involved here, were not income "properly paid or credited during (1936) to any legatee." On the strength of the authorities above cited we hold for petitioner on this, the only issue submitted to us for decision. Decision will be entered under Rule 50.