Estate of Winifred L. Milner, Deceased, by Reese L. Milner and Gwendolyn M. Hubbard, Executors of the Estate of Winifred L. Milner, Deceased v. Commissioner.
Estate of Milner v. Commissioner
Docket Nos. 107151, 108673.
United States Tax Court
1943 Tax Ct. Memo LEXIS 477; 1 T.C.M. (CCH) 513; T.C.M. (RIA) 43055; January 30, 1943
*477 1. Various expenditures, with the exception of commissions on sales of securities, held deductible as nontrade or nonbusiness expenses. Revenue Act of 1942, section 121 (a)(2). 2. Income of an estate for the taxable year, which was distributed to the residuary legatee on final settlement along with the corpus of the estate and as a part of it, held taxable to the estate rather than to the legatee. J. Rex Dibble, Esq., for the petitioners. B. M. Coon, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These two proceedings were separately tried, but there appears no reason why they may not be disposed of in one opinion. Docket No. 107151 involves the taxable year 1937, for which respondent determined a deficiency in income tax in the amount of $520.67. Docket No. 108673 covers the taxable year 1939, in which there was determined a deficiency in income tax in the sum of $3,548.42. There is common to both proceedings the question of the deductibility of certain expenditures made by the decedent. Respondent has denied the deductions as not being ordinary and necessary expenses of carrying on a trade or business. The petitioners claim that the expenditures were *478 incurred in a business carried on by the decedent or at any rate for the production of income or the management of property held for the production of income. In proceeding 108673 there is a further issue which arises from the inclusion in decedent's taxable income of $5,572.22, which sum represented the net income of the Estate of Reese Llewellyn for the year 1939, which was distributed to the decedent as a part of that estate during the year 1939. Petitioners make claim for an overpayment of income tax for 1937. Findings of Fact During the years 1937 and 1939 decedent resided in Los Angeles, California, and filed her returns with the Collector of Internal Revenue for the sixth district of California. During those years decedent made the following expenditures in connection with her business activities of buying, selling and managing securities for her own account: Loomis Sayles & Co., Inc.
Commissions on stock sales
$ 78.00
Investment counsel
$2,290.55
Safety deposit box rent
25.00
B. B. Robinson Service
Legal and auditing fees
571.00
Investment counsel
380.80
Loomis, Sayles & Co., Inc.
Legal and auditing expenses
1,000.00
Investment expense
3,438.22
Safety deposit box rent
44.65
Office expense
5,100.00
Office expense
3,490.00
Reese L. Milner Travel Expense
721.27
Office rent
272.14
[1] $7,478.42
$9,933.49
*479 On December 15, 1936, Reese Llewellyn, brother of decedent, died. After making provision for one legacy his will left all the rest and residue of his estate to decedent. She was appointed executrix without bond. The will, which consisted of a single paragraph, contained no other pertinent provisions. The estate was in process of administration until some time in 1939, during which latter year final distribution was made to decedent. Included in this final distribution was the sum of $5,572.22 which represented income of the estate received during the year 1939. This sum respondent proposes to tax to decedent as distributable income under section 162 (b) of the Revenue Act of 1938. The estate returned and paid a tax on this income for the year 1939, as it had done in the case of income received by the estate in prior years. On or before March 15, 1938 decedent filed her income tax return for 1937, reporting a tax liability of $1,605.78, which was duly paid in four installments. As a result of a field *480 audit an additional income tax for 1937 of $806.64 was assessed against decedent and paid by her on December 21, 1938. On February 26, 1941, decedent filed claim for refund of the total income tax paid by her for 1937, amounting to $2,412.42. No action had been taken by the Commissioner in respect of that claim. The notice of deficiency was issued March 15, 1941. Opinion ARUNDELL, Judge: The 1942 Revenue Act makes it unnecessary for us to determine whether or not decedent's activities during the years in question were sufficient to constitute the carrying on of a trade or business. It is enough to find that the sums in question were ordinary and necessary expenses paid during each of the taxable years "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." Section 121 (a)(2) of the Revenue Act of 1942; T.D. 5196, approved December 8, 1942. We have no doubt that all but one of the items are of that nature and consequently are deductible under section 121 (a)(2) of the Revenue Act of 1942, which provision is made retroactive to the years before us. The only exception *481 to this treatment is the minor item of selling commissions for 1939 in the sum of $78.00, as to which respondent's disallowance is affirmed. Such commissions are not ordinary and necessary expenses but are "treated as offsets against selling price relevant only to the determination of capital losses or gains." Spreckels v. Helvering, 315 U.S. 626. In the notice of deficiency petitioners have been allowed the benefit of adjustments to capital gains and losses resulting from the treatment of the disallowed commissions as offsets against selling price. Respondent concedes the applicability of the Revenue Act of 1942, but urges that some portion of the expenditures in question should be allocated to decedent's activities as executrix of the Estate of Reese Llewellyn and also to the business which she carried on for her son and daughter. Such an allocation has already been made to the extent deemed appropriate. The other items were directly incident to decedent's personal business and consequently are allowable in full. The remaining issue relates to the taxability to decedent of income of the Estate of Reese Llewellyn for the year 1939. The difficulty *482 with the respondent's proposed treatment of this item is that the will does not contain a provision for the distribution of income of the estate by the executrix nor is there any suggestion that a distribution of income was authorized or required by state law. The executrix made no distribution of income as such either in the year 1939 or prior years. What the decedent received in 1939 was her legacy augmented, as it no doubt was, by income received by the estate during the period of administration. It has been repeatedly held that current income of an estate, which is distributed on final settlement along with the corpus of the estate and as a part of it, pursuant to the terms of the will, does not constitute taxable income to the distributee in the year of its receipt, but such sum is regarded as a part of the legacy. Est. of Anderson v. Commissioner, 126 Fed. (2d) 46, certiorari denied, 317 U.S. 653; S. F. Durkheimer, 41 B.T.A. 585; Mable I. Wilcox, 43 B.T.A. 931; Spreckels v. Commissioner, 101 Fed. (2d) 721; County National Bank & Trust Company of Santa Barbara v. Helvering, 122 Fed. (2d) 29. *483 Counsel for respondent frankly concedes that the decisions generally are against him but contends that neither he nor his client agree with those holdings. We feel, however, that they are controlling on us and it follows that on this point petitioners must prevail. Decision will be entered under Rule 50.
Footnotes
1. The error of $0.28 in addition appears to have been carried over by the parties from the notice of deficiency. Proper adjustment will be made in the recomputation under Rule 50.↩