James Clark Courtenay v. Commissioner.
Courtenay v. Commissioner
Docket No. 109723.
United States Tax Court
1943 Tax Ct. Memo LEXIS 458; 1 T.C.M. (CCH) 556; T.C.M. (RIA) 43067; February 9, 1943
*458 Squire R. Ogden, Esq., 612 Marion E. Taylor Bldg., Louisville, Ky., for the petitioner. J. O. Durkan, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent has determined a deficiency in petitioner's income tax liability for the year 1939 in the sum of $274.06. This deficiency results from respondent's inclusion in petitioner's gross income for the taxable year of $1,191.49 which he explains in his notice of deficiency as income received by petitioner from the estate of the latter's deceased wife and taxable to him pursuant to section 162 (c) of the Internal Revenue Code. [1]
*459 [The Facts] The facts have been stipulated by the parties and we find them to be as stipulated. Petitioner is an individual residing in Louisville, Kentucky, and filed his income tax return for the period here involved with the collector for the western district of Kentucky. His wife, Louise Johnson Courtenay, died on August 27, 1938 leaving a holographic will and codicil thereto, duly probated by the proper County Court on September 20, 1938. The will, dated March 29, 1934, read as follows: "I leave to my husband James Clark Courtenay everything that I have." The codicil was in the form of a letter to petitioner dated the same day requesting that "any securities and income therefrom which originally belonged to [decedent], be equally divided between [her] children." Petitioner, on September 20, 1938, was appointed administrator with the will annexed of the estate of his deceased wife and as such administrator took possession of the assets of the estate, collected the income therefrom, paid the debts, funeral expenses, and expense of administration of the estate, made and filed on its behalf the proper tax returns and paid the taxes shown due on such returns. We now quote *460 from the written stipulation of facts filed herein as follows: * * * * *
On July 21, 1939, petitioner filed in Jefferson County Court his final settlement as such administrator, in which he charged himself with the assets of said estate at their appraised values, and took credit for the debts, funeral expenses, taxes and expenses of administration paid by him as such administrator; separately listed the securities described in the will as "originally belonging" to decedent, and specifically bequested to decedent's and petitioner's two children, Martha Courtenay and James Clark Courtenay, Jr.; prayed that his final settlement be approved and confirmed, that he and the surety on his bond be released and discharged, and that an order be entered directing the distribution to decedent's and petitioner's said two children of the securities specifically bequeathed to them, and the distribution to petitioner individually of the residue of the estate. Upon the filing of said final settlement, and on July 21, 1939, Jefferson County Court entered an order authorizing the distribution of the estate as prayed in said final settlement. After the entry of the lastmentioned order of the Jefferson *461 County Court, petitioner as such administrator distributed to decedent's and petitioner's two children the securities (together with the income collected thereon after decedent's death) designated in said final settlement and in said order as being distributable to said two children, respectively, and distributed to petitioner individually the residue of the estate of decedent. Thereafter, said final settlement having laid over the time required by Kentucky law, the same was confirmed and petitioner was discharged as such administrator by order entered in Jefferson County Court on September 4, 1939. There was collected by petitioner as such administrator, in the period January 1, 1939 to July 21, 1939, both inclusive, the sum of $1,569.06 being interest on bonds and dividends on stocks belonging to said estate; and during said period there were paid by petitioner as such administrator taxes due by said estate and allowable as deductions by Section 23 of the Revenue Act of 1938 in the sum of $53.79. The net income to said estate for said period was the sum of $1,515.27. Petitioner as such administrator made and filed a Federal fiduciary income tax return for said estate for the taxable *462 period January 1, 1939 to July 21, 1939, the date of distribution, disclosing thereon an income tax due of $19.80, and as such administrator paid to the Collector of Internal Revenue at Louisville, Kentucky, said amount of $19.80. After the entry on July 21, 1939 of the order of distribution in said estate petitioner as administrator distributed to Martha Courtenay and James Clark Courtenay, Jr., securities and cash to which they were entitled, $323.78 of which cash represented net income received by the estate upon the specific securities bequeathed to said legatees. Thereupon petitioner as administrator distributed to himself as residuary legatee the balance of said estate consisting of all of the stocks, bonds, cash and other properties in the estate, $1,191.49 of which cash represented that part of the net income received by the estate which was not distributed to Martha Courtenay and James Clark Courtenay, Jr. Upon examination of petitioner's individual Federal income tax return for 1939, and of petitioner's said fiduciary Federal income tax return for 1939 as such administrator, the Commissioner of Internal Revenue asserted a deficiency in petitioner's tax on said individual *463 return in the sum of $274.06 (the tax here in controversy) and an over-assessment of tax on said fiduciary return in the sum of $19.80 (the entire tax paid), both of which findings were protested by petitioner. Respondent is holding in abeyance final action upon said proposed finding of over-assessment of tax on fiduciary return pending final determination of the asserted deficiency here in controversy. [Opinion] The question thus presented for our determination is whether that part of a distribution made to a residuary legatee upon the final settlement of an estate which consists of income received by the estate during the year in which such final distribution is made is taxable as income to the residuary legatee pursuant to section 162 (c) of the Internal Revenue Code, set forth above. Upon the authority of S. F. Durkheimer, 41 B.T.A. 585 and Mabel I. Wilcox, 43 B.T.A. 931, we decide this question in favor of petitioner. Decision will be entered for petitioner. Footnotes
1. SEC. 162. NET INCOME. * * * * *
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.↩