Hilda C. Erickson v. Commissioner.
Erickson v. Commissioner
Docket No. 112712.
United States Tax Court
1943 Tax Ct. Memo LEXIS 275; 2 T.C.M. (CCH) 193; T.C.M. (RIA) 43254; May 31, 1943
*275 I. W. Sharp, Esq., 630 Buckley Bldg., Cleveland, O., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined a deficiency of $4,615.30 in petitioner's 1940 individual income tax. The determination was based largely upon the inclusion in petitioner's income of $12,764.58 which was received by her in the taxable year by way of distribution of the estate of her deceased husband, of which she was the sole legatee. Apparently this $12,764.58 had been received by the estate as income in the same taxable year but the distribution to petitioner did not expressly characterize the amount as a distribution of income but was included in the complete settlement of the estate. When the case came on for trial on March 8, 1943, the decisions of the Board of Tax Appeals in S. F. Durkheimer, 41 B.T.A. 585, and Mabel I. Wilcox, 43 B.T.A. 931, were extant and cited by petitioner. Respondent was given a "reasonable time" within which to file a memorandum in the event that he intended to adhere to the position which was rejected in the two cases cited. *276 See Estate of Frank B. Anderson v. Commissioner, 126 Fed. (2d) 46, certiorari denied, 317 U.S. 653. A "reasonable time" has long since elapsed and the Commissioner's determination on this point is reversed following the Durkheimer and Wilcox cases, supra. Since the deficiency determination also was based upon another item not under attack decision will be entered under Rule 50.