OPINION,
Moeres
: The bequests in question are admittedly charitable within the meaning of section 403 (a) (3) of the Revenue Act of 1921. The sole issue is whether the aggregate amount is deductible or *834 whether it should first be reduced by the amount of the inheritance tax of the Commonwealth of Pennsylvania and the value of the remainder computed by a certain annuity formula before deduction from the gross estate.
We have already held that the amount of the deduction for charitable bequests should not be reduced by the Pennsylvania inheritance tax. Appeal of Howard K. Walter, 2 B. T. A. 453.
The only question is, therefore, whether the gross amount of the bequest or whether the present worth computed by an annuity formula shoxdd be deducted from the gross estate of the decedent. The Commissioner contends that, since the amounts of the bequests were payable in three annual installments, they constitute annuities,_ and only the value thereof as of the date of the testatrix’ death is deductible from the gross estate. The pertinent parts of section 403 of the Revenue Act of 1921 are as follows:
Sec. 403. That .for the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate * * *
(3) The amount of all bequests, * * * for the use of any corporation organized and operated exclusively for religious, * * * or educational purposes, ⅜ * * no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, * * * or educational purposes.
To our minds neither the unambiguous wording of the bequests nor the language of the statute warrants the strained and complicated construction placed upon them by the Commissioner. The bequests simply read:
I give and bequeath to ⅜ ⅜ * the sum of * ⅜ * to be paid by my Executor, hereinafter named, in three annual installments.
This simple language has none of the earmarks of an annuity, nor does it constitute the ordinary legal conception of an annuity. Ruling Case Law defines an annuity as follows:
The term annuity has been variously defined, but the definitions, although differing in form, are substantially alike in meaning. In general terms, it is a yearly payment of a certain sum of money granted to another in fee for life or for years, and charging the person of the grantor only. 2 R. C. L. 2.
So, also, are annuities distinguished from legacies payable in installments : '
While by the terms of a devise the bequest of a certain amount may be made payable in stated installments at definite periods in the future, the postponement of the payment is presumed to be for the benefit of the legatee, and the bequest vests immediately upon the death of the testator. 2 R. C. L. 4. (Italics ours.)
In the bequests at issue there is nothing to indicate that the testatrix had in mind primarily “ yearly payments of a certain sum of *835 money,” but, on the contrary, she clearly expressed her intention of bequeathing a definite gross amount to certain charities, the manner of payment being merely incidental. We are of the opinion that, under the language of the bequests and the provisions of the statute pertaining thereto, the gross amount of the bequests vested immediately upon the death of the testatrix and is. deductible from the gross estate.