Estate of Gertrude Dodd, Deceased, Alice Castree Williams and Archibald A. Gulick, Executors v. Commissioner.
Estate of Gertrude Dodd v. Commissioner
Docket No. 8618.
United States Tax Court
1947 Tax Ct. Memo LEXIS 186; 6 T.C.M. (CCH) 651; T.C.M. (RIA) 47154; June 13, 1947
*186 In computing decedent's net estate petitioners deducted the full amount of bequests to certain charities, the payment of which was subject to intervening life estates. Held, the amount deductible is the amount of the bequests reduced by an amount representing the delayed receipt, following Henry R. Ickelheimer, et al., Executors, 14 B.T.A. 1317. Carlton S. Connor, Esq., 120 Broadway, New York 5, N. Y., for the petitioners. Scott A. Dahlquist, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: This proceeding involves an estate tax deficiency of $5,577.88. The deficiency resulted from several adjustments by respondent, only one of which is contested by petitioner. The issue presented is whether *187 respondent erred in reducing the amount of charitable bequests from $30,000 to $21,927.27. Respondent reduced the value of the charitable bequests by the value of intervening life estates. The facts as stipulated are adopted as our findings of fact. [The Facts] The estate tax return was filed with the collector of internal revenue for the second district of New York. Gertrude Dodd died testate January 9, 1944. In the estate tax return a charitable deduction of $30,000 was claimed composed of the following gifts and bequests: Woman's Board of Foreign Missions of the Reformed Church in America, 156 Fifth Ave., New York, N.Y. Woman's Board of Domestic Missions of the Reformed Church in America, 156 Fifth Ave., New York, N.Y. General Synod of Reformed Church in America, 156 Fifth Ave., New York, N. Y.
Missionary Medical School for Women, Vellore, North Arcott, South India. Bequest of $15,000 out of remainder of trust of residuary estate. Bequest of $5,000 out of remainder of trust of residuary estate. Bequest of $5,000 out of remainder of trust of residuary estate. Bequest of $5,000 out of remainder of trust of residuary estate. Upon audit of the estate tax *188 return said charitable gifts or bequests were valued by respondent at $21,927.27 which amount represents the charitable bequests of $30,000 reduced by the value of the interests of the life beneficiaries. By Clause Eleventh of her will decedent provided that her residuary estate should be held in trust during the lifetime of Alice Ball Olmstead and Dr. Ida S. Scudder, the former to receive $800 per annum from the net income, and the latter the balance, if any, of the net income. Upon the death of Alice Ball Olmstead, Dr. Scudder was to take the entire net income of the trust. Upon the death of Dr. Scudder the trust terminated and the trustees were to transfer the principal to the extent of $30,000 to the charitable legateees above mentioned, and the balance, if any, to decedent's niece, Alice Castree Williams, if living, if not, then to her issue in equal shares per stirpes and not per capita. If Olmstead survived Scudder the trustees were to retain sufficient of the principal of the trust fund in their judgment to realize a net income of $800 per annum upon her death and to pay over the principal then remaining to the distributees above named proportionately, and if principal was *189 insufficient in value to pay in full the four legacies provided for them each legacy was to be reduced proportionately and paid accordingly. Dr. Ida S. Scudder, the younger of the two life beneficiaries, was born on December 9, 1871. She was 72 years and one month old on the date of the decedent's death, January 9, 1944. Respondent determined the gross estate to be $141,222.51. Deductions, other than for charitable gifts, were allowed in the amount of $14,161.98. Decedent's will made specific bequests of $37,297. The rest, residue and remainder of decedent's estate amounted to $89,763.53 before payment of Federal estate tax. [Opinion] Petitioner [contends] that the amount which charity will receive can be accurately determined at the time of decedent's death and that therefore they are entitled to a deduction of the full amount of the bequests under section 812 (d) of the Internal Revenue Code. The fact that there will be a lapse of time between the date of decedent's death and the date when actual payment of the outright bequests will be made is immaterial in petitioner's view. Estate of Minnie L. Jackson, 3 B.T.A. 832, and Helvering v. Union Trust Co., 125 Fed. (2d) 401, *190 reversing 44 B.T.A. 385, cert. denied, 316 U.S. 696. We are unable to agree with petitioner's contention or to see the application of the cited cases to theinstant facts. While it is true that the bequests to the charities aggregate $30,000 and the distributees are entitled to that amount upon termination of the trust, it is equally true that the distribution thereof is postponed until the death of Alice Ball Olmstead and Dr. Ida S. Scudder, the life tenants under decedent's testamentary trust. It cannot be said that the value of bequests so postponed is equivalent to their value at the date of decedent's death. In order to determine their value at decedent's death it is proper to reduce the amount to be received by an amount representing the delayed receipt, Henry R. Ickelheimer, et al., Executors, 14 B.T.A. 1317; William Nelson Cromwell, et al., Executors, 24 B.T.A. 461; Estate of Leonard S. Waldman, 46 B.T.A. 291. This method of computation has been followed by the respondent in valuing the charitable bequests at $21,927.27, and we approve his determination. Decision will be entered for the respondent.