ROY & TITCOMB, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29138. Promulgated May 1, 1931.

*Theodore B. Benson, Esq.,* for the petitioner.

*M. E. McDowell, Esq.,* and *Frank B. Schlosser, Esq.,* for the respondent.

### OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1923 of $2,234.87. The allegation of error stated in the petition is that " The Commissioner erred in computing the loss on the sale of the capital stock of the Nogales Electric Light & Power Company."

The facts were stipulated by counsel for the petitioner and the respondent as follows:

The petitioner is a corporation organized under the laws of the State of Arizona in 1900, with its principal office and place of business in Nogales, Arizona.

Prior to and during the taxable years, the petitioner was affiliated with the Arizona & Sorona Manufacturing Company, an Arizona corporation organized in 1901.

Prior to and until April 13, 1923, the petitioner was also affiliated with the Nogales Electric Light & Power Company, likewise an Arizona corporation.

These corporations were engaged in manufacturing and selling machinery, hardware and lumber.

For the years 1918 to 1922, the petitioner filed consolidated returns for all three companies. For the taxable year, to-wit, 1923, a consolidated return was

filed for petitioner and the Arizona & Sorona Manufacturing Company, its subsidiary, the said return for 1923 ignoring the operations of the Nogales Electric Light & Power Company for the period from January 1 to April 13, 1923, which is the date of the sale in question, which operations are stated to have resulted in a small loss, and which the parties agreed to be inconsequential for the purposes of this case, the point being that the cessation of affiliation between the Nogales Electric Light & Power Company and the petitioner is deemed to have been January 1, 1923.

On April 13, 1923, the petitioner and the other stockholders of the Nogales Electric Light & Power Company sold to outside interests their stockholdings in said company, and agreed to pay the liabilities of the company existing on March 31, 1923.

On April 13, 1923, the following accounts appeared on the books of the petitioner with respect to the said Nogales Electric Light & Power Company:

| | |
|---|---:|
| Bonds | $165,495.00 |
| Capital stock | 54,990.00 |
| Notes receivable | 63,820.00 |
| Accounts receivable | 53,746.36 |
| Total | 338,051.36 |
| Less: | |
| Intercompany adjustments | 24,356.97 |
| Balance | 313,694.39 |

The petitioner received, after adjustments for commission and credits as net proceeds from the sale of its stock in the Nogales Electric Light & Power Company the sum of $286,619.42.

The petitioner claims a loss upon the transaction of the difference between $313,694.39 and $286,619.42, or $27,074.97.

For years prior to 1923, the Nogales Electric Light & Power Company sustained net losses aggregating $55,141.30, which losses were offset against the net income of the petitioner in the consolidated returns filed for the said prior years.

In the determination of the deficiency, the respondent disallowed the loss claimed and determined a profit of $28,066.33 by reducing the basis for the determination of loss or gain by the losses of the Nogales Electric Light & Power Company, in the amount of $55,141.30, which had been used to reduce the petitioner's net income for prior years.

Counsel for the respondent, who read into the record the above stipulation, stated that the stipulation:

* * * is deemed to be a statement of all the facts considered by the parties essential and necessary for the Board's determination of the profit or loss on this particular transaction and to bring it within the Board's consideration of the problem in the prior decision in the *Riggs National Bank* case. (17 B. T. A. 615.)

A primary question in this case is what the investment of the petitioner was in the Nogales Electric Light & Power Company. It is agreed that the petitioner received $286,619.42 net proceeds from the sale of its stock in that company to outside interests. What was the cost of this stock to the petitioner? We can not determine it

from the stipulation. The Commissioner determined that the petitioner realized a profit upon the sale of $28,066.33. The stipulation and evidence of record do not disprove the correctness of such determination.

In *Riggs National Bank, supra*, we held that where one corporation, which owns all the stock of a second corporation, causes the second corporation to be dissolved, and takes over its assets, which have a value less than the cost of the stock, the first corporation has a deductible loss which it may claim in computing its income for the period following affiliation, but that in computing the deductible loss, adjustment must be made for operating losses of the corporation whose stock is sold which were sustained during the period of affiliation. We can not tell from the record that the proceeding at bar is ruled by our decision in the *Riggs National Bank* case, but, if so, decision would still be in favor of the determination of the respondent.

For lack of evidence as to the true facts in this case, the determination of the respondent that the petitioner realized a profit of $28,066.33 upon the sale is sustained.

*Judgment will be entered for the respondent.*