WILLIAM NELSON CROMWELL, AND JOHN FOSTER DULLES, SURVIVING
EXECUTORS OF THE ESTATE OF AUGUSTUS COE GURNEE, PETI-
TIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42619.   Promulgated October 26, 1931.

*Frederick R. Bangs, Esq., Emmet McCaffery, Esq.,* and *Raymond
B. Goodell, Esq.,* for the petitioners.
*Harold Allen, Esq.,* for the respondent.

462

OPINION.

ARUNDELL: We have set out as our findings of fact only the facts that relate to the issues left for decision. Other stipulations of fact and waivers of issues will be mentioned briefly here.

Petitioners waived an issue relating to the inclusion in the estate of certain cash securities and cash held by Bankers Trust Company as trustee for Gustave Frederick Dutschke and consented to the inclusion thereof at the value of $164,813.49 as fixed by respondent.

The parties agree that the amount of the residuary estate passing to Harvard University, which is stipulated to be an educational institution and exempt from Federal estate tax, shall be computed without deduction of the estate and inheritance taxes in the amount of

$262,971.22 paid by the estate to various States of the United States and to the Republic of France upon noncharitable bequests.

Respondent in the notice of deficiency determined the credit to which the estate was entitled against the Federal estate tax (including the deficiency asserted) for estate and inheritance taxes paid as amounting to $280,000, of which $55,451.83 was determined to be applicable as a credit against the deficiency asserted. The parties are agreed that by reason of the payments actually made, the proper amount of such credit on the basis of the tax asserted in the deficiency notice is $281,461.47, of which $56,913.30 is applicable as a credit against the asserted deficiency.

It was further stipulated that inheritance and estate taxes have been actually paid by the estate to States of the United States in the amount of $327,224.97. Proper proof of such payment and claim for the allowance of such taxes as part of the 80 per cent credit against the Federal estate tax has been filed in accordance with the provisions of section 301(b) of the Revenue Act of 1926 and article 9 of Regulations 70 and allowed by the respondent. The petitioners are entitled to a credit for State inheritance taxes paid against the Federal estate tax as ultimately fixed of such part of $327,224.97 as does not exceed 80 per cent of the Federal tax.

The above matters will be given effect in the settlement under Rule 50.

The first question for decision is whether the value of the personal property left by decedent, having its actual situs in France, should be included in the gross estate. It is agreed by the parties that decedent was a resident of the State of Maine at the time of his death. In *Guaranty Trust Co.*, 21 B. T. A. 330, we had the identical question that is raised here. Counsel for petitioners urge with much earnestness that perhaps some of the underlying principles involved in this question were not presented in that case. We have carefully considered petitioners' arguments and considered the cases cited, and, while admitting that the matter is not entirely free from doubt, we find nothing in the presentation of the present case to cause us to alter our views. We accordingly find no error in the inclusion in decedent's estate of the personal property located in France.

The next question is whether respondent erred in including the value of shares of United States Steel corporation stock that decedent gave to his secretary, Dutschke, within two years prior to his death. The agreed value of this stock in excess of $5,000 has been included in the estate by respondent as a gift in contemplation of death under the second sentence of section 302(c) of the Revenue Act of 1926, reading as follows:

Where within two years prior to his death but after the enactment of this Act and without such a consideration the decedent has made a transfer or transfers, by trust or otherwise, of any of his property, or an interest therein, not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after his death, and the value or aggregate value, at the time of such death, of the property or interest so transferred to any one person is in excess of $5,000, then, to the extent of such excess, such transfer or transfers shall be deemed and held to have been made in contemplation of death within the meaning of this title.

It is stipulated in regard to this transfer that it " is not admitted or shown in fact to have been made in contemplation of or intended to take effect in possession or enjoyment at or after death." On this phase of the case the only issue raised by the pleadings is the validity of the above quoted part of the statute. The issue as framed and the facts as limited by the stipulation do not bring into controversy any question as to whether the transfer might have been included under the first sentence of section 302(c). Petitioners' claim is that that part of the statute above set out is invalid and unconstitutional as in violation of the due process clause of the Fifth Amendment. This issue is decided in favor of the petitioners on authority of our decision in *American Security & Trust Co. et al., Executors*, 24 B. T. A. 334.

The final question involves the annuities created by the ninth and tenth clauses of decedent's American will. Petitioners allege that the respondent erred in determining the values at which the annuities were included in decedent's gross estate.

Decedent, by his will, made a number of specific bequests and created the annuities here involved and left the residue of his estate to Harvard University, an admittedly educational institution. The plan of the Federal estate tax act is to include in the gross estate all of the decedent's property and then to determine the value of the net estate—upon the transfer of which the tax is imposed—by allowing specified exemptions and deductions. Among the deductions allowed are bequests to educational institutions. In this case the bequest to the educational institution is not a specific sum, but is the residuary estate after providing, among other things, for the annuities created, and so it becomes necessary to calculate the value of the residue in order to determine the amount to be deducted in arriving at the net estate. *Henry R. Ickelheimer et al., Executors*, 14 B. T. A. 1317. While the stipulation of the parties would indicate that our problem is to value the annuities to determine the value at which they would be included in the gross estate, as we conceive the question, this is not technically correct. As we have pointed out above, the entire gross estate is included, from which is substracted those deductions allowed by law, and the remainder constitutes the net taxable estate. The

manner of the approach becomes important, as both parties rely on the actuarial tables found in article 13 of Regulations 70, which are used for the purpose of determining the present values of various interests in estates. The difference between the parties is illustrated by the following computations as they relate to clause nine of the will, which provides for an annuity of $2,500 for Jeanne Baumgartner, who was seventy-four years of age at the time of decedent's death. Petitioners contend that the present value of that annuity is $12,960.05, computed as follows:

Amount of annuity_____ $2,500
Present worth of annuity of $1 at age 74 (taken from column 2 of
Table A in Reg. 70) is $5.18402.
$2,500 multiplied by 5.18402 gives_____ $12,960.05

Respondent has not informed us how he arrived at his value of $14,865.62, but petitioners explain the computation as having been made in this way:

Amount of annuity_____ $2,500
Amount of fund which at 4% would produce annuity_____ $62,500
Present worth of $1 due at end of year of death of annu-
itant at age 74 (taken from column 3 of table above re-
ferred to) _____ .76215
$62,500 x .76215_____ $47,634.38
$62,500 minus $47,634.38_____ $14,865.62

A similar method of computation, according to petitioners, was used with respect to the Carter annuity. Column 2 of Table A is designed to give the present value of annuities, and column 3 the present value of remainder or reversionary interests. In this case the residue of the estate, which is the part deductible, is subject to the annuities and so it becomes a remainder. Accordingly, in our opinion, the respondent has pursued the correct method of determining the value of the net estate in that he has determined the value of the residuary estate and reduced the value of the gross estate by that amount.

It is suggested by petitioners that the difference in the result obtained by their method of calculation and that followed by the respondent is due to an improper factor in column 3 of the table. On the state of the record we can not say whether this is so or not. Both parties rely on the same table and the only dispute between them is whether column 2 or column 3 shall be applied, and as the petitioners have not attempted to show what is a proper factor in place of the one said to be wrong, we must take the table as it stands. We accordingly find no error in respondent's determination on this phase of the case.

We may say in passing that there is no issue as to the use of actuarial tables to determine present values (Cf. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151), nor as to the use of a 4 per cent interest rate, which is the basis of the tables above mentioned.

*Decision will be entered under Rule 50.*