*Decision will be entered under Rule 50.*

ESTATE OF LEONARD S. WALDMAN, DECEASED, BY THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104898. Promulgated February 10, 1942.

*Robert C. Poskanzer, Esq.*, for the petitioner.
*James C. Maddox, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: The Commissioner determined a deficiency in estate tax of decedent's estate in the sum of $956.09. The first issue is whether or not furniture, clothing, and an automobile set off to decedent's widow in accordance with a New York statute is includible in decedent's gross estate. The second issue is whether or not respondent correctly computed the amount of a deduction for a charitable bequest.

Most of the facts were stipulated and are hereby adopted as a part of our findings. Of the stipulated facts we set forth herein only such facts as are material to our discussion of the issues. Additional facts were adduced from evidence presented at the hearing.

Leonard S. Waldman, hereinafter referred to as decedent, died April 4, 1937, leaving a last will and testament which provided, after several specific bequests, that "all the rest, residue and remainder" of decedent's estate should be placed in trust for his wife, Eleanor Elsie Waldman, until her death or remarriage. The will further provided:

It is my will, and I hereby direct, that the devise and bequests herein made and given to my said wife, and the trusts created for her benefit, shall be free from any and all legacy, transfer, inheritance, estate or succession taxes, State or Federal; and that all taxes, which may be payable in respect to said devise and bequests to my said wife, and to the estate given in trust for her benefit, shall be paid by my Executor out of my residuary estate, and that my residuary estate be charged with the payment thereof.

The will provided that at the death or remarriage of decedent's wife "all the rest, residue and remainder" of the estate should be placed in trust for the Albany Jewish Community Center, a charitable institution. At the time of decedent's death his widow's age was 53 years, 7 months, and 6 days. The will was duly admitted to probate and letters testamentary were duly granted on April 26, 1937.

The estate tax return for the estate of Leonard S. Waldman was filed with the collector of internal revenue for the fourteenth district of New York, at Albany, New York.

The appraisers appointed by the Surrogate's Court for Albany County, New York, set apart to decedent's widow items of household furniture valued at $634, an automobile valued at $450, and wearing apparel amounting to $25. In the account of proceedings of the estate rendered to the Surrogate's Court by the executor the above items, aggregating $1,109, were reported as set apart to the widow pursuant to section 200 of the Surrogate's Court Act of the State of New York. This account of proceedings was duly approved by the Surrogate's Court of Albany County by decree entered July 28, 1938.

Pursuant to waiver of restriction on assessment and collection, a deficiency of $488.36 was assessed against decedent's estate and was paid on September 6, 1939. This amount is a part of the deficiency under consideration in the present proceeding.

The first issue is whether or not the personal property set off to decedent's widow, in accordance with state statute, constitutes a part of decedent's gross estate. We think that there is no doubt that the amounts in question were a part of the gross estate of decedent as defined by section 302 (a) of the Revenue Act of 1926, as amended. *Estate of Louis M. Faber*, 40 B. T. A. 1070.

Nor are the items proper deductions from gross estate. Section 303 (a) (1) (E) of the Revenue Act of 1926, as amended by section 805 of the Revenue Act of 1932 and section 403 (a) of the Revenue Act of 1934, provides that there may be deducted from the value of the gross estate amounts "reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent   *   *   *." Petitioner contends that although the New York statutes provide for no such payments for support, the amounts set apart to decedent's widow constitute payments in lieu of payments for support and should be deductible from the estate. We do not agree. It is difficult to comprehend that furniture, an automobile, and $25 of clothing might be "amounts reasonably required and actually expended for the support" of a widow. Respondent is sustained on this issue.

The second issue concerns the computation of the deduction from decedent's gross estate of the charitable devise made by decedent to the Albany Jewish Community Center. Petitioner contends that respondent erred in his application of section 303 (a) (3) of the Revenue Act of 1926, as amended by section 807 of the Revenue Act of 1932,[1] to the charitable remainder here under consideration. That

---

[1] Sec. 303. For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
   *       *       *       *       *       *       *
(3) The amount of all bequests, legacies, devises, or transfers   *   *   *   to or for the use of any corporation organized and operated exclusively for   *   *   *   charitable   *   *   *   purposes   *   *   *. If the tax imposed by section 301, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the juris-

section provides that where, by terms of the will or local law, estate, succession, legacy, or inheritance taxes are payable out of bequests, legacies, or devises otherwise deductible under that section, the deductible amount is the amount of the bequests, legacies, or devises, reduced by the amount of such taxes. A provision similar to this was first inserted in the Revenue Act of 1924 as the result of a decision of the Supreme Court in *Edwards* v. *Slocum*, 264 U. S. 61, wherein it was held that a residuary bequest to charity was deductible in full from gross estate even though death taxes were actually payable out of the bequest. S. R. No. 398, 68th Cong., 1st sess. (Revenue Act of 1924). The provision was repealed by the 1926 Revenue Act and does not appear in the 1928 Revenue Act, but was restored to the law in 1932 by amendment to section 303 (a) (3) of the Revenue Act of 1926. The intendment of the statute is that an estate may not receive a deduction for an amount larger than the exempt institution actually receives. H. R. No. 708, 72d Cong., 1st sess.; S. R. No. 665, 72d Cong., 1st sess. (Revenue Act of 1932).

Decedent directed that the devise and bequests to his wife be free from burden of estate and inheritance taxes and that all taxes be paid out of his residuary estate. We interpret this to mean that the executor should pay the taxes out of what was left after debts, expenses, and specific bequests were paid. It seems apparent this could be accomplished only by payment of the taxes from that which formed the corpus of the trust for decedent's widow and would later form the corpus of the trust for charity. In any event, the testamentary directions of decedent bring into play the provision of section 303 (a) (3), as amended, requiring the deduction for the amount of the charitable devise to be reduced by the amount of estate or inheritance taxes payable from such devise.

Respondent contends that the proper method of computing the deduction is to value the charitable devise based upon a life interest in the widow aged 54 years and subtract from that amount the amount of the taxes payable. This approach, however, overlooks the fact that the taxes are actually payable from the residue which forms both the corpus of the trust for the widow and later the corpus of the trust for the charity. It must be apparent that the present case of a life estate imposed upon the amount which will eventually go to the charity differs from a case where there are specific devises or bequests not carved out of the estate as a whole.

---

diction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes. The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate; * * *

In his Regulations 80, article 44, interpreting section 303 (a) (3) of the Revenue Act of 1926, as amended, respondent states that "if a life estate is bequeathed to an individual with remainder over to a charitable corporation, and by the local law the legacy tax upon the life estate is taken out of the corpus with the result that the charitable corporation will be entitled to receive only the amount of the fund less the tax, the deduction is limited to the present worth, as of the date of the testator's death, of the remainder of the fund so reduced * * *." This regulation would seem to uphold petitioner's view. It is interesting to note that prior to the determination of a deficiency against decedent's estate an internal revenue agent computed the deduction from decedent's estate for the charitable devise in the manner now advocated by petitioner. While his action is not binding here, it at least indicates the absence of a uniform administrative treatment of the problem before us. There are no long existent rulings of respondent on this matter which might be given weight because of reenactment of legislation during their existence.

We are of the opinion that the intent of Congress may be carried out only by adopting petitioner's view of this matter. We believe that the result reached is equitable and note no case or administrative ruling which would indicate the advisability of a contrary view. The residue which makes up the corpus of the trusts should be reduced by the amount of the taxes payable and then the value of the charitable devise as of the date of death of decedent should be computed. Petitioner is sustained on this point.

We now come to the actuarial problem of computation of the value of the charitable devise as of the date of death of decedent. Petitioner contends that the value of the devise should be determined by first valuing the life estate and then subtracting that value from the value of the total residuum at the date of death, the remainder being the value of the devise to charity. Inasmuch as the problem here is to compute the value as of the date of decedent's death of the remainder to charity, we think it clear that the proper method, which was employed by respondent, is to compute the value of the charitable devise subject to the life estate. We have previously approved this treatment of the problem. *William Nelson Cromwell et al., Executors*, 24 B. T. A. 461; cf. *Henry R. Ickelheimer et al., Executors*, 14 B. T. A. 1317. Thus respondent was correct in employing a conversion factor of .52757, which under respondent's tables represents the present value of one dollar due at the end of the year of death of a person aged 54 years.

*Decision will be entered under Rule 50.*