Reginald Hess Coultas v. Commissioner.
Coultas v. Commissioner
Docket No. 7707-70 SC.
United States Tax Court
T.C. Memo 1972-1; 1972 Tax Ct. Memo LEXIS 252; 31 T.C.M. (CCH) 1; T.C.M. (RIA) 72001; January 4, 1972, Filed Reginald Hess Coultas, pro se, 3004A Sacramento St., San Francisco, Calif. Lawrence G. Becker, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in the petitioner's Federal income tax for 1968 in the amount of $487.08. Concessions having been made, the only issue for decision is whether charitable contributions of $440 are deductible by the petitioner under section 170 (a)(1). [1]
Findings of Fact The petitioner, Reginald Hess Coultas, was a legal resident *253 of San Francisco, California, at the time his petition was filed. He filed his Federal income tax return for 1968 with the Internal Revenue Service Center at Ogden, Utah. Petitioner is a schoolteacher. In 1968 he deducted $517 as charitable contributions as follows: Churches - Mormon
$356
Community Chest/United Fund
12
Heart Fund
2
Xmas & Easter Seals
3
Cancer Fund
4
Misc. Organized Charities
56
Goodwill Industries
84 The respondent disallowed $440 of the amounts claimed because of lack of substantiation. At trial the petitioner did not give any facts relating to the contributions he claimed except to say that, "under the law, which is not man-made, which says that when you do alms, then you must do so anonymously or you are not doing it properly," and further, "I have given to various, more than one person and more than one organization and more than one - you see, if you give and tell what you have given, then you receive no reward from your Father in Heaven." Opinion Section 170(a)(1) states that: There shall be allowed as a deduction any charitable contribution * * * payment of which is made within the taxable year. A charitable contribution *254 shall be allowable as a deduction only if verified under the regulations prescribed by the Secretary or his delegate. The regulations, section 1.170-1(a)(3)(i), Income Tax Regs., provide that, for years after December 31, 1963: * * * taxpayers shall state in their income tax returns the name of each organization to which a contribution was made and the amount and date of the actual payment of each contribution. * * * In any case in which a taxpayer makes numerous cash contributions to an organization during the taxable year, the taxpayer may state the total cash payments made to such organization during the taxable year in lieu of listing each cash contribution and the date of payment. It has long been settled that "Unquestionably, Congress has the power to condition, limit, or deny deductions from gross income in order to arrive at the net income 2 it chooses to tax." Helvering v. Ind. Life Ins. Co., 292 U.S. 371, 381 (1934). Also, "Tax exemptions and deductions do not turn upon general equitable considerations but depend upon legislative grace. Statutes authorizing tax exemptions and deductions are to be strictly and narrowly construed." Luehrmann's Estate v. Commissioner, 287 F. 2d 10, 15 *255 (C.A. 8, 1961), affirming 33 T.C. 277 (1959). Deputy v. du Pont, 308 U.S. 488, 493 (1940). The petitioner argues that since his religious beliefs prevent him from disclosing the beneficiaries of charitable contributions allegedly made by him, the regulations requiring disclosure are unconstitutional and are therefore invalid. First of all, the petitioner has not presented sufficient evidence to define the nature and extent of his religion or his religious beliefs. Secondly, even if he had and even if once accepted as fact a religious tenet that alms-giving must be completely anonymous, the information now required on a Federal income tax return would hardly be violative of it. In Hearde v. Commissioner, 421 F. 2d 846 (C.A. 9, 1970), affirming a Memorandum Opinion of this Court, the identical question was before the Court. It held that the disclosure of the beneficiaries of a charitable deduction "is an indirect burden on exercise of religion and does not make unlawful the practice of religion itself" so that the regulations involved are reasonable and not violative of the First Amendment to the Constitution. See also, Braunfeld v. Brown, 366 U.S. 599, 607 (1961). *256 So here, the petitioner has failed to sustain his burden of proof since he has presented no evidence to substantiate the alleged contributions. The fact that he has failed to do so because of a constitutional objection in no way alters the requirement that the deduction be denied. Arthur Figueiredo, 54 T.C. 1508 (1970); Joseph T. Indelicato, 42 T.C. 686 (1964). Reviewed and adopted as the report of the Small Tax Case Division. To reflect concessions made by the parties, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise noted.↩