MICHAEL J. STEVENS AND MARGARET A. STEVENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stevens v. Commissioner
Docket No. 9973-78.
United States Tax Court
T.C. Memo 1980-521; 1980 Tax Ct. Memo LEXIS 59; 41 T.C.M. (CCH) 419; T.C.M. (RIA) 80521; November 25, 1980, Filed *59 In 1975, petitioners sold Residence 1 and acquired Residence 2. Gain from the sale was "rolled over" under sec. 1034(a), I.R.C. 1954. In 1976, petitioners sold Residence 2 and acquired Residence 3. Petitioners sold Residence 2 more than 18 months after they sold Residence 1. Petitioners assert that by June 15, 1977, they acquired Residence 4. Held: Petitioners failed to prove that respondent erred in determining that sec. 1034(a) did not apply to the gain from the sale of Residence 2. Patrick J. Birmingham and Edward J. Birmingham, for the petitioners. J. Anthony Hoefer, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal income tax against petitioners for 1975 and 1976 in the amounts of $2,317.30 and $1,737.72, respectively. After concessions by respondent, the issue remaining for decision is whether the gain realized by petitioners from the 1976 sale of their personal residence is to be recognized in the year of sale or is to be "rolled over" pursuant to section 1034(a). [1]
All of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, *61 petitioners Michael J. Stevens and Margaret A. Stevens, husband and wife, resided in Sioux City, Iowa. Before June 16, 1975, petitioners resided in a home they owned on Lot 20, Riv-R-Land Estates, Union County, South Dakota (hereinafter referred to as "Residence 1"). Petitioners sold Residence 1 on June 16, 1975. On March 3, 1975, petitioners commenced construction of a home on Lot 22, Riv-R-Land Estates, Union County, South Dakota (hereinafter referred to as "Residence 2"); petitioners began occupying Residence 2 as their principal residence on June 16, 1975. Petitioners' total cost for Residence 2 (land and building) was $52,523. Petitioners sold Residence 2 on December 20, 1976, for $60,298. On October 1, 1976, petitioners acquired Lot 34, Viking Village (3121 Norman Drive), Sioux City, Iowa. On that date, they commenced construction of a home on that lot (hereinafter referred to as "Residence 3"). Petitioners began occupying Residence 3 as their principal residence on December 20, 1976. Petitioners' total cost for Residence 3 (land and building) was $62,708. On their 1975 Federal income tax return, petitioners deferred recognition of their gain on Residence 1, *62 treating Residence 2 as their new residence. On their 1976 return, petitioners gave no notice of the sale of Residence 2. They neither reported their gain on this sale nor claimed deferral of this gain's recognition; nor did they report the possible effects of this sale with respect to the 1975 deferral. On their 1976 Federal income tax return (filed June 15, 1977), petitioners showed their address as 4334 Manor Circle, Sioux City, Iowa (hereinafter referred to as "Residence 4"). This address also was petitioners' legal residence when they filed their petition in this case. Respondent does not challenge petitioners' rollover of their gain on their 1975 sale of Residence 1. However, he maintains that, under paragraphs (4) and (5) of section 1034(c), Residence 2 was not petitioners' "new residence" (within the meaning of section 1034(a)). Consequently, respondent asserts, petitioners are required to recognize in 1976 their gain on the sale of Residence 2. Petitioners concede that, if Residence 3 were the "new residence" as to Residence 2, then section 1034(c)(4) would prevent them from rolling over their gain on Residence 2. However, petitioners assert, there was another *63 residence (Residence 4) to which they moved within the permitted 18-month or 2-year period after they sold Residence 2. Petitioners maintain that their acquisition of Residence 4 results in the deferral of recognition of their gain on Residence 2. We agree with respondent's conclusion that petitioners are not entitled to defer recognition of their gain on the 1976 sale of Residence 2. Petitioners realized a gain on the 1976 sale of Residence 2; under the general rules of sections 1001(c) and 1002 [2] they are required to recognize that gain. *64 Petitioners maintain that subsections (a), (c)(4), and (c)(5) of section 1034[3] (which is in the same subtitle--subtitle A--as sec. 1002) provide otherwise, specifically that they are permitted to "roll over" their gain on the 1976 sale of Residence 2 to the later acquisition of Residence 4.
*65 If the provisions of section 1034 apply, then nonrecognition is mandatory. H. Rept. 82-586, p. 109 (1951), 1951-2 C.B. 357, 435; S. Rept. 82-781, Part 2, p. 32 (1951), 1951-2 C.B. 545, 566; sec. 1.1034-1(a), Income Tax Regs. In order to be entitled to the benefit of section 1034, petitioners must prove they have satisfied all of the section's requirements. Welch v. Helvering, 290 U.S. 111 (1933); Shaw v. Commissioner, 69 T.C. 1034, 1038 (1978); Rule 142, Tax Court Rules of Practice and Procedure. The fact that this case was submitted fully stipulated does not alter petitioners' burden of proof or the effect of petitioners' failure to meet their burden. Rules 122(b) and 149(b), Tax Court Rules of Practice and Procedure; see Estate of Luehrmann v. Commissioner, 33 T.C. 277, 281 (1959), affd. 287 F.2d 10, 16 (CA8 1961). To satisfy the requirements of section 1034(a) as to Residence 2, petitioners must show that they purchased a residence and used it as their principal residence (referred to as "new residence") within 18 months prior to, or 18 months (2 years, if construction is commenced *66 within 18 months after the sale) after, the sale of Residence 2. If more than one residence is purchased and used as a principal residence during this period, section 1034(c)(4) provides that only the last such residence is considered a "new residence" for purposes of section 1034(a). To be afforded nonrecognition treatment on the entire gain, as claimed by petitioners herein, petitioners must show that the cost of purchasing their new residence equals or exceeds the adjusted sales price of Residence 2. On brief, petitioners concede that Residence 3 is not the new residence as to Residence 2; they assert that Residence 4 is the requisite new residence. Although there is evidence in the record from which we may conclude that Residence 4 was acquired and became petitioners' principal residence within the requisite time period, there is no evidence in the record as to petitioners' cost of purchasing Residence 4. Consequently, even if petitioners were otherwise entitled to roll over any part of their Residence 2 gain to Residence 4, petitioners have failed to show that all or any part of their Residence 2 gain is not to be recognized under section 1034(a). Petitioners argue *67 that the issue involving section 1034 "is not properly before the court at this time because the 18 or 24 month period provided therein did not expire until 1978." We disagree. Petitioners' Federal individual income tax liability for 1976 was placed in issue by the pleadings in the instant case. This Court is authorized by section 6214(b) [4] to consider information relating to other years as may be necessary to determine petitioners' 1976 liability. This case was submitted after the expiration of the rollover periods referred to by petitioners and the Court interposed no bar to introduction of the necessary evidence. Under these circumstances, *68 we do not consider the questions of law that may lurk beneath respondent's contention that Residence 2 is not a new residence, we do not decide whether petitioners' Residence 2 gain could have been rolled over to Residence 4 if petitioners had provided us with the necessary information, we do not decide if this gain could have been rolled over to Residence 3 had there been no Residence 4, and we do not decide what effect section 1034(d) has on the resolution of the foregoing questions. We conclude that respondent's determination that petitioners must recognize in 1976 their gain from the 1976 sale of Residence 2 is not in error. Accordingly, we hold for respondent. To reflect the concessions made by respondent and the conclusions reached herein, [5]
*69 Decision will be entered under Rule 155. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
2. SEC. 1001. DETERMINATION OF AMOUNT OF AND RECOGNITION OF GAIN OR LOSS. (c) Recognition of Gain or Loss.--In the case of a sale or exchange of property, the extent to which the gain or loss determined under this section shall be recognized for purposes of this subtitle shall be determined under section 1002. SEC. 1002. RECOGNITION OF GAIN OR LOSS. Except as otherwise provided in this subtitle, on the sale or exchange of property the entire amount of the gain or loss, determined under section 1001, shall be recognized. [Emphasis added.] [The subsequent revisions of these provisions (by secs. 1901(a)(121) and 1901(b)(28)(B)(i) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1784, 1799) do not affect the instant case.]↩
3. SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 18 months before the date of such sale and ending 18 months after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence. (c) Rules for Application of Section.--For purposes of this section: (4) If the taxpayer, during the period described in subsection (a), purchases more than one residence which is used by him as his principal residence at some time within 18 months after the date of the sale of the old residence, only the last of such residences so used by him after the date of such sale shall constitute the new residence. (5) In the case of a new residence the construction of which was commenced by the taxpayer before the expiration of 18 months after the date of the sale of the old residence, the period specified in subsection (a), and the 18 months referred to in paragraph (4) of this subsection, shall be treated as including a period of 2 years beginning with the date of the sale of the old residence. [The subsequent amendments of the heading of section 1034 and the text of section 1034(c)(4) (by subsecs. (c)(1) and (b), respectively, of sec. 405 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2871) and of section 1034(a)↩ (by sec. 1901(a)(129)(A) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1785) do not affect the instant case.]
4. SEC. 6214. DETERMINATIONS BY TAX COURT. (b) Jurisdiction Over Other Years and Quarters.--The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.↩
5. On their 1975 Federal income tax return, petitioners reported the cost of Residence 2 as $51,600. On the notice of deficiency, respondent determined the cost as $53,488. The parties have stipulated the cost as $52,523; this latter amount is to be used in the Rule 155 computation of petitioners' 1976 income tax deficiency. Since respondent has conceded the only other adjustment to 1976 income ($1,210 disallowed sales tax deduction), the increase in recognized gain on the sale of Residence 2 does not produce a deficiency greater than that determined by respondent and so does not require proceedings under section 6214(a).↩